UNITED STATES of America, Appellee,

v.

Robert Lee McDILE, Appellant.

No. 90–1395.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Sept. 19, 1990.

**1060**

Michael Dwyer, St. Louis, Mo., for appellant.

Ed Rogers, St. Louis, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

The sole issue in this case is whether the trial court properly applied 18 U.S.C. § 924(e), which requires a fifteen year minimum sentence if a defendant convicted of being a felon in possession of a firearm is demonstrated to have three previous predicate convictions of violent felonies or serious drug offenses. We find that the statute was properly applied and affirm the judgment and sentence of the trial judge.[1]

In the early morning hours of May 31, 1988, the defendant-appellant McDile began randomly firing a pistol from the sec- ond story porch of a St. Louis apartment in which his girl friend resided. When a shot almost struck the occupant of an adjacent building, the latter called the police. Three officers responded, one of whom positioned himself in the street to observe the lighted bedroom in the apartment. He saw McDile secrete a pistol in the false ceiling. The other officers obtained the consent of McDile's girl friend to search the apartment. Having been alerted by their fellow officer posted in the street, they immediately found the pistol and arrested McDile. Serial numbers of the Smith & Wesson revolver had been obliterated. Laboratory restoration disclosed that the pistol manufactured in Springfield, Massachusetts had been stolen in New Jersey.

On July 13, 1989, McDile was indicted by a federal grand jury as a felon in possession of a firearm in violation of 18 U.S.C. § 922. Predicate convictions recited were (1) cause number 841–00121, a two-count indictment for sale of phencyclidine at separate times; (2) cause number 841–00695, a two-count indictment for sale of phencyclidine at separate times; and (3) cause number 861–02839 for unlawful use of a weapon. All three convictions were in St. Louis Circuit Court and were felonies punishable by imprisonment exceeding one year. Judgments of conviction on the drug charges were entered on August 10, 1984, while the weapon conviction was entered on February 25, 1987.

Appellant entered a plea of not guilty, but a jury trial resulted in a guilty verdict on November 28, 1989.

If McDile had three previous felony convictions for violent crime or serious drug offenses, he was subject to a minimum sentence of 15 years under 18 U.S.C. § 924(e). *United States v. Rush*, 840 F.2d 574 (8th Cir.1988) (en banc). The facts in this regard are not in dispute. On July 2, 1984, McDile pled guilty to both counts in cause number 841–00121, each charging a sale of phencyclidine, a schedule II con-

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

trolled substance. Count I charged a sale on November 15, 1983, and Count II charged a sale on November 17, 1983 (Add. 4). On the same date, i.e., July 2, 1984, McDile also entered pleas in cause number 841–00695, also a two-count indictment charging sale of phencyclidine. Count I charged a sale on September 15, 1983, and Count II a sale on November 23, 1983. A transcript of McDile's guilty pleas clearly demonstrates that he was fully advised of his constitutional rights and the consequences of these pleas and that all four pleas were entered freely and voluntarily (Add. 6–23). On August 10, 1984, the Missouri Circuit Judge imposed concurrent five-year sentences on each of the four counts in the two indictments.

Appellant's argument is that his four convictions on August 10, 1984 for sale of a controlled substance are a single criminal episode consisting of the same closely related conduct. He points to the fact that three of the sales occurred in an eight-day period and involved only two undercover officers, and that he has received concurrent sentences for all these offenses on the same date. He relies on *United States v. Petty*, 828 F.2d 2 (8th Cir.1987), *cert. denied* 486 U.S. 1057, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988).

We find this reliance to be misplaced. Petty was convicted in a six-count indictment, arising from a single event in which six individuals were robbed at the same time at one location. He was sentenced under 18 U.S.C. § 924(e) by the district court, and the court of appeals affirmed. *United States v. Petty*, 798 F.2d 1157 (8th Cir.1986). The Supreme Court remanded the case for reconsideration, based upon the position of the Solicitor General that multiple convictions arising out of the same incident would not support enhanced sentencing under the statute. *Petty v. United States*, 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987).

There is a significant distinction between *Petty* and the case at bar. The drug sales were at different times, spread over a two-month period and were made to two different individuals. The controlling decision is *United States v. Rush*, 840 F.2d 580 (8th Cir.1988), *cert. denied*, 487 U.S. 1238, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988), holding that the criminal episodes underlying the convictions trigger 18 U.S.C. § 924(e) and not the date of the convictions. Rush had been convicted of five counts of robbery and burglaries in two proceedings. Two robberies were on the same date while a third occurred on a separate date. There were at least two offenses since one of the three was committed on a separate date. These two offenses, combined with a prior burglary conviction, constituted the necessary predicate for 18 U.S.C. § 924(e). Other circuits are in accord. *United States v. Wicks*, 833 F.2d 192 (9th Cir.1987), *cert. denied*, 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988) (two burglaries on same day at different locations were two offenses for purpose of 924(e)); *United States v. Gillies*, 851 F.2d 492 (1st Cir. 1988), *cert. denied*, 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988) (burglary at same house on different nights constituted two criminal episodes for purpose of 924(e)); *United States v. Herbert*, 860 F.2d 620 (5th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989) (two burglaries on different days were distinct criminal transactions for purpose of 924(e)).

It follows that appellant was convicted of four serious drug offenses under Missouri law. The sale of phencyclidine is subject to a maximum penalty of life imprisonment. R.S.Mo. §§ 195.020 and 195.200.1(4). Appellant was also convicted in 1987 of the unlawful use of a weapon (flourishing) which involved the use of an operable firearm in a threatening manner in the presence of others. This offense carries a maximum penalty of five years. R.S.Mo. §§ 571.030.1(4), 558.011.1(4), and 560.011. Although an additional predicate is not necessary, it may be observed that this offense meets the definition of a violent felony in 18 U.S.C. § 924(e)(2)(B)(i). Such a felony is defined as a crime punishable by imprisonment for a term exceeding one year involving the use, attempted use, or

threatened use of physical force against the person of another.

The judgment and sentence are affirmed.