**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1093

_____

United States of America,      *
     *
        Appellee,      *
     *   Appeal from the United States
      v.      *   District Court for the
     *   Northern District of Iowa.
Russell W. Mitchell,      *
     *      [UNPUBLISHED]
        Appellant.      *

_____

Submitted: April 3, 1997

Filed: April 24, 1997

_____

Before MAGILL, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

Russell W. Mitchell pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and misrepresenting a material fact (his status as a felon) in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). The district court[1] sentenced Mitchell to 180 months imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) (1994), and to three years supervised release.

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

On appeal, Mitchell's appointed counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, Mitchell's counsel argued that Mitchell should not have been sentenced as an armed career criminal because the predicate drug convictions--four December 1991 Illinois convictions for delivering 1 to 15 grams of cocaine--resulted from a single criminal episode. Mitchell moved pro se for appointment of new counsel. In his pro se supplemental brief, Mitchell argues for the first time (1) that the predicate convictions were not "serious drug offenses" as defined by the ACCA because they were not punishable by ten years or more in prison; (2) that the certified statements of conviction relied on as proof of his convictions were ambiguous; and (3) that his arrest for the instant firearm offenses followed an unconstitutional stop and search of his vehicle.

Having reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and finding no nonfrivolous issue for appeal, we grant counsel leave to withdraw and deny Mitchell's motion for appointment of new counsel. We conclude that the district court did not err in sentencing Mitchell as an armed career criminal because Mitchell's four drug convictions were the result of discrete criminal episodes. See United States v. Gray, 85 F.3d 380, 381 (8th Cir.), cert. denied, 117 S. Ct. 268 (1996); United States v. McDile, 914 F.2d 1059, 1061 (8th Cir. 1990) (per curiam). We also conclude that these state drug offenses were "serious drug offenses" as defined by 18 U.S.C. § 924(e)(2)(A)(ii) because they were Class 1 felonies under state law, and thus were punishable by up to fifteen years in prison. See Ill. Rev. St. 1991, ch. 56½, par. 1401(c)(2); Ill. Rev. St. 1991, ch. 38, par. 1005-8-1(a)(4).

We conclude that Mitchell's other arguments are without merit. Notably, Mitchell waived any Fourth Amendment claim when he pleaded guilty. See United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.