112 F.3d 514
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Terry Michael BAINTER, Appellant.
 No. 96-3687.
 United States Court of Appeals, Eighth Circuit.
 April 28, 1997.
 
 Before, HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terry M. Bainter appeals the 72-month sentence imposed by the district court[1] following his guilty plea to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. We affirm.
 
 
 2
 We reject Bainter's contention that the district court erred in denying his request for sentencing under U.S. Sentencing Guidelines Manual § 5C1.2 (1995) (safety-valve provision).[2] Under the safety-valve provision, a drug defendant may be sentenced within the otherwise applicable Guidelines range without regard to any statutory minimum sentence if, among other things, "the defendant did not ... possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S. Sentencing Guidelines Manual § 5C1.2(2) (1995).
 
 
 3
 Bainter testified at sentencing that he stored both firearms and the drugs in the same room of his house. Further, he stipulated as part of his plea agreement that during the conspiracy, he "possessed a firearm and said firearm was used to protect the drugs and money." These admissions were sufficient to establish that Bainter possessed a firearm in connection with the offense. See United States v. Burke, 91 F.3d 1052, 1053 (8th Cir.1996)(per curiam).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 Bainter also argued the district court erred in concluding that application of U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) precludes a defendant, as a matter of law, from eligibility under the safety-valve provision. Our decision makes it unnecessary to reach this issue