# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2905

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri
Larry D. Reeves,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　　[UNPUBLISHED]
　　　　　Appellant.　　　　　　 *

_____

Submitted: March 31, 1997

Filed: May 1, 1997

_____

Before McMILLIAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit　　　Judges.

_____

PER CURIAM.

　　　Larry D. Reeves appeals from the final judgment of the United States District Court[1] for the Western District of Missouri, revoking his supervised release and imposing a 21-month sentence. His appointed counsel has moved to withdraw and has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967); Reeves has filed a pro se supplemental brief. For the reasons discussed below, we affirm.

_____

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

After pleading guilty to drug and firearm charges in December 1990, Reeves was released from prison in March 1996 and began serving his three-year supervised release term. In June 1996, the government moved to revoke Reeves's supervised release based on a U.S. Probation Office violation report alleging that on May 14 Reeves violated the mandatory condition that he "shall not commit another federal, state, or local crime." The violation report stated that police officers were dispatched to a Burger King restaurant; there, Donald B. Hiltner stated, inter alia, that Reeves walked up to his car and told him "to leave Denise alone and to stay away from her." Hiltner told police that Reeves then pulled out a knife and started cutting him on the right side of his face. The police investigation showed that Hiltner had a three-inch laceration on his face near his right ear.

After a revocation hearing, at which Hiltner identified Reeves as his assailant and Reeves asserted an alibi defense, the district court found that Hiltner's testimony was basically credible. The district court found that Hiltner had the opportunity to observe that the assailant was Reeves and that it was clearly possible for Reeves to have had time to commit the assault. The district court concluded that the government established by a preponderance of evidence that Reeves cut Hiltner's face, which violated a condition of his supervised release, and warranted revocation. The district court determined that, based on a grade A violation and a Category II criminal history, the sentencing option was 15-21 months incarceration and 12 months supervised release. Citing the seriousness of the behavior and the need to protect society, the district court sentenced Reeves to 21 months imprisonment and 1 year supervised release, and assessed a $1,000 fine.

A decision to revoke supervised release based on a finding of a violation is reviewed only for abuse of discretion. See United

States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). "[A]s in other contexts where a district court has discretion to take certain action based on its findings of fact, the court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error." Id.

We conclude that the district court's findings are not clearly erroneous and that the district court did not abuse its discretion in concluding a preponderance of evidence supported a violation of a condition of supervised release. See 18 U.S.C. § 3583(e)(3). Once the district court determined that Hiltner was credible, his eyewitness account and identification of Reeves as his assailant was sufficient to allow the court to conclude Reeves committed a state, federal or local crime. While Reeves argues that the district court erred in crediting Hiltner's testimony, credibility determinations are within the province of the district court as factfinder and are "virtually unreviewable on appeal." See United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993).

With respect to the sentence imposed upon revocation of supervised release, we review for abuse of discretion. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995). We conclude the district court did not abuse its discretion in sentencing Reeves at the top of the 15-21 months sentencing range, considering the nature of the violation and that he committed the violation only two months after his release. See U.S.S.G. § 7B1.1(a)(1), p.s.; .3(a)(1), p.s.; .4(a), p.s.

Having carefully reviewed the record, including the revocation hearing transcript, we find no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 88 (1988).

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.