# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-3296

———————

Thaddeus C. Pulla,                          *
                                            *
       Appellant,                    *
                                            *  Appeal from the United States
    v.                                    *  District Court for the
                                            *  Southern District of Iowa
Amoco Oil Company,                          *
                                            *       [UNPUBLISHED]
       Appellee.                     *

———————

Submitted: April 23, 1997

Filed: May 1, 1997

———————

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

———————

PER CURIAM.

     Thaddeus C. Pulla appeals from the final order of the United States District Court[1] for the Southern District of Iowa, reducing his punitive damages award against Amoco Oil Company (Amoco) from $500,000 to $2,000, following a remand from this court in Pulla v. Amoco Oil Co., 72 F.3d 648, 658-61 (8th Cir. 1995). For the reasons discussed below, we affirm.

     Pulla does not challenge the size of the punitive damages award in this appeal, only that the district court, not the jury, determined the amount; he argues that, as a matter of state law, he was entitled to a new trial. We agree with Amoco that, because

———————

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Pulla first raised this issue in his motion for reconsideration, he has waived his new trial argument. A motion to alter or amend a judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment. See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.), cert. denied, 488 U.S. 820 (1988). In any event, Pulla's argument that Iowa state law requires a new trial is without merit. The original punitive damages award violated due process, see Pulla, 72 F.3d at 661; state law was not involved in that decision. As the district court made clear, its obligation was to establish a punitive damages award which passed constitutional muster. We conclude the district court has done so. See TXO Prod. Corp v. Alliance Resources Corp., 509 U.S. 443, 453-54 (1993)(due process consideration imposes substantive limit of punitive award).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.