# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-4171

_____

United States of America,        *
                            *
        Appellee,           *
                            *   Appeal from the United States
      v.                   *   District Court for the
                            *   District of Nebraska
Jerry L. Johnson,           *
                            *     [UNPUBLISHED]
        Appellant.         *

_____

Submitted: April 28, 1997

Filed: May 7, 1997

_____

Before, HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges

_____

PER CURIAM.

Jerry L. Johnson appeals the 168-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Johnson argues the court erred in imposing a three-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(b) (manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive). He contends that his brother was the conspiracy's manager or supervisor. He also argues the court erred when it stated that it could not grant him a downward departure based on the disparate treatment of cocaine

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

base and powder cocaine.  We affirm.

We conclude the district court did not err when it imposed the role enhancement, as Johnson's presentence report recited facts indicating Johnson and his brother provided at least six other people with large quantities of cocaine base to sell, and that, when necessary, Johnson collected payment from these individuals through physical intimidation and punishment.  See United States v. Pena, 67 F.3d 153, 156-57 (8th Cir. 1995).  Not only did Johnson not object to the facts stated in the report, but at sentencing he withdrew his objection to the role enhancement.  He thus waived his right to appeal this issue, but in any event, the court did not err in applying the enhancement.  Even if Johnson was less culpable than his brother, we conclude a criminal activity can have more than one manager or supervisor.  See U.S.S.G. § 3B1.1(b) (referring to "a" manager or supervisor); cf. U.S.S.G. § 3B1.1, comment (n.4) (more than one person can qualify as "a" leader or organizer); Morphew v. United States, 909 F.2d 1143, 1145 (8th Cir. 1990) (noting Guidelines speak of "an" organizer and stating district court properly concluded there could be more than one organizer in extensive criminal operation).  Finally, we conclude Johnson's arguments relating to the 100:1 crack-to-powder cocaine ratio are without merit.  See United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-