# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 96-2733EA
_____

United States of America,          *
                                   *
            Appellant,             *
                                   *     Appeal from the United States
     v.                            *     District Court for the Eastern
                                   *     District of Arkansas.
Jerry Dixon,                       *
                                   *          [UNPUBLISHED]
            Appellee.              *
                                 _____

Submitted:  March 11, 1997

Filed:  May 9, 1997
_____

Before FAGG, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Jerry Dixon pleaded guilty to conspiracy to distribute cocaine base within one thousand feet of a playground, see 21 U.S.C. §§ 841(a)(1), 860(a), 846, and using a firearm during a drug offense, see 18 U.S.C. § 924(c).  The district court sentenced Dixon to seventy-eight months on the drug offense and a consecutive sixty months on the firearm offense.  After the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995) (narrowing definition of "using" firearm within meaning of § 924(c)), Dixon filed this 28 U.S.C. § 2255 motion to vacate his firearm sentence. The Government agreed Dixon's firearm sentence should be vacated in light of Bailey, but argued the district court should enhance Dixon's drug sentence for his possession of a firearm, see U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1996).  The district court set aside Dixon's firearm sentence, but held it lacked

jurisdiction to resentence Dixon on the unchallenged drug conviction. The Government appeals.

In a case presenting the same issue and decided the same day, <u>United States v. Harrison</u>, No. 96-2544, slip op. at 3-4 (8th Cir. May 9, 1997), we held 28 U.S.C. § 2255 gives district courts power to enhance an unchallenged drug sentence for firearm possession after vacating the defendant's sentence for using a firearm in violation of § 924(c). The § 2D1.1(b)(1) enhancement of the drug sentence and the § 924(c) firearm conviction are interdependent. <u>See</u> <u>id.</u> Thus, to correct a § 2255 petitioner's sentence after a successful attack on the § 924(c) firearm conviction, the district court must revisit the drug term to consider the § 2D1.1(b)(1) enhancement. <u>See</u> <u>id.</u> Resentencing in these circumstances does not violate double jeopardy or due process. <u>See</u> <u>id.</u> at 4-5.

We reverse and remand for the district court to consider whether application of the § 2D1.1(b)(1) enhancement is appropriate in Dixon's case.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent in this case for the reasons set forth in my dissent in the companion case, <u>United States v. Harrison</u>, No. 96-2544 (8th Cir. May 9, 1997).

A true copy.

        Attest.

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.