# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2919

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Michael Speakman, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 11, 2003

Filed: June 10, 2003

_____

Before HANSEN,[1] Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Michael Speakman pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1). The sole issue on appeal is whether the District Court[2] properly found that Speakman's prior drug convictions constituted separate

_____

[1] The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

and distinct offenses for sentence enhancement purposes under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e). We find that the statute was properly applied and affirm the sentence.

# I.
## *Facts*

In August 2000 Speakman bought a gun for and delivered it to an undercover informant. The government charged Speakman with–and he pleaded guilty to–one count of felon in possession of a firearm.[3] He expressly reserved the right, however, to appeal the application of a § 924(e) or other enhancements by the District Court using the United States Sentencing Guidelines.

Speakman's criminal history, as reflected in his Presentence Investigation Report (PSI), included seven felony convictions in Missouri state court. Those offenses included four counts for the sale of controlled substances including methamphetamine and marijuana (three of which carried a maximum sentence of at least ten years).[4] The four charges arose from drug sales Speakman made to Earl Bellamy, a police informant, within a one-month period–the first sale occurred March 23, 1989; the second on April 13, 1989; the last on April 20, 1989. As a result of these convictions, the United States Probation Officer concluded in the PSI that Speakman's Criminal History Category was IV.[5]

---

[3] Two other charged counts were dismissed at sentencing.

[4] Speakman's criminal history included other convictions for first-degree tampering, second-degree burglary, and stealing. These convictions are not at issue in this appeal.

[5] In making this calculation, the officer treated all of Speakman's 1989 convictions as related cases, therefore adding only three points to his criminal-history score. If the officer had not applied the §924(e)(1) enhancement, Speakman's offense level would have been at level twenty-two under the Sentencing Guidelines.

The PSI concluded that § 924(e)(1) should apply to Speakman's case. If so, two possible consequences could apply. First, he is exposed to the statute's mandatory fifteen-year (180-month) minimum sentence. Second, his Guidelines sentence must be determined pursuant to U.S.S.G. § 4B1.4. If the Guidelines sentence exceeds the statutory mandatory minimum, the Guidelines sentence controls; if the Guidelines sentence comes in below the statutory mandatory minimum, the statutory mandatory minimum sentence must be imposed. Under the applicable Guideline (§ 4B1.4), Speakman ended up with an adjusted offense level of 30 and a criminal history category of IV, which resulted in a Guidelines sentencing range of 135-168 months, the top of which was twelve months below the statutory mandatory minimum. Therefore, the statute's mandatory minimum trumped the potential Guidelines sentence. At sentencing, the District Court determined that the penalty provisions of § 924(e) applied and sentenced Speakman to the mandatory minimum fifteen-year sentence. Speakman timely appealed on July 23, 2002.

## II.

### *Standard of Review*

We review a district court's interpretation of a sentence-enhancement statute de novo. *United States v. Stuckey*, 220 F.3d 976, 984 (8th Cir. 2000)*; United States v. Williams,* 136 F.3d 547, 550 (8th Cir.1998).

## III.

### *Analysis*

Speakman argues that the enhancement provisions of § 924(e) should not apply in his case. He does so while acknowledging his argument is contrary to this circuit's controlling case law. He contends that the facts in this case are distinguishable. Should we disagree, Speakman argues that we should apply the rule of lenity because § 924(e) is sufficiently ambiguous on these facts to justify abandonment of the general rule of enhancement under the statute.

At the outset, we note that prior to this matter, Speakman had been convicted of seven felonies. All of these offenses were tried in one criminal proceeding in Missouri state court. The convictions included three illegal drug sales occurring on three separate dates. Speakman argues that because the county prosecutor who tried these charges agreed to a single consolidated sentence, these convictions should be considered as one offense for purposes of enhancement under § 924(e). Speakman fails to note, however, that the enhancement applies based upon the number of "convictions," not on the number of trials. Speakman was convicted of seven separate felonies, and received seven separate sentences that ran concurrently. We have noted that arguments similar to Speakman's have "no merit, for it is the criminal episodes underlying the convictions, not the dates of conviction, that must be distinct to trigger the provisions of the ACCA." *United States v. Rush*, 840 F.2d 580, 581 (8th Cir. 1988).

## A.
### *Controlling Case Law*

Speakman attempts to distinguish three controlling cases, *United States v. Boyles*, 235 F.3d 1057 (8th Cir. 2000), *United States v. Rodriguez*, 17 F.3d 225 (8th Cir. 1994), and *United States v. McDile*, 914 F.2d 1059 (8th Cir. 1990).[6] In each case, we determined that independent occurrences of criminal activity are "separate and distinct criminal episodes" under § 924(e) although the defendant was tried at one time for the multiple episodes. Speakman attempts to distinguish these cases by arguing this factual distinction–that the episodes of criminal activity occurred on different days, at different times, and with different individuals. In his case, Speakman points out that although the drug sales occurred on different days and at different times, each was made to the same undercover police officer.

---

[6] Speakman also argues that we should overrule *Boyles*, *Rodriguez*, and *McDile*. However, one Court of Appeals panel may not overrule another. *United States v. Reynolds*, 116 F.3d 328, 329 (8th Cir. 1997).

This argument is without merit. We analogize the facts here to those in *United States v. Gray*, 152 F.3d 816 (8th Cir. 1998). In *Gray*, we addressed 21 U.S.C. § 841 (b)(1)(A),[7] which similarly enhances a defendant's sentence based on prior drug convictions. Although we acknowledged in *Gray* that multiple convictions for criminal activity must be counted as only one conviction when the convictions "result from acts forming a single criminal episode . . . ," *Gray*, 152 F.3d at 821 (citations omitted), we went on to find that Gray's prior drug sales, which occurred only one day apart and to the same undercover informant, constituted two occurrences because they were not part of a single criminal episode. As such, we upheld the sentence enhancement under that statute.[8] Certainly, although we decided *Gray* pursuant to a different enhancement statute, the same reasoning applies here. This is particularly so because § 924(e) specifically notes that it is the occurrence of the criminal activity, not the conviction, that dictates the enhancement decision. *See also United States v. Cardenas*, 217 F.3d 491 (7th Cir. 2000) (court determined that three drug sales to confidential informants occurring over two days, with two of those sales occurring only forty-five minutes apart, constituted three separate "occasions different from one another" under armed criminal career enhancement statute). As such, under the controlling case law, Speakman's arguments are unavailing.

---

[7] This statute does not specifically include the language "committed on occasions different from one another," as does 18 U.S.C. § 924(e)(1), although, as noted in *Gray*, we have considered the nature of the previous sales in determining whether the prior episodes comprised single or multiple occurrences for enhancement purposes.

[8] In *Gray*, we determined that because 1) the sales were distinct in time, 2) occurred on separate days, 3) required separate planning and execution by both Gray and the informant, 4) each sale was separately arranged, 5) neither was contingent on the other, 6) payment was made separately, and 7) Gray's supply source for the drugs was different, the occurrences constituted separate offenses under the statute.

B.

*Rule of Lenity*

Speakman also argues that we should apply the rule of lenity and find that the three prior drug sales constituted one conviction for enhancement purposes under § 924(e). The rule of lenity states that a court cannot interpret a federal criminal statute "so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *United States v. R.L.C.*, 915 F.2d 320, 325 (8th Cir.1990), *aff'd*, 503 U.S. 291 (1992). The rule of lenity favors the statutory construction yielding the shorter sentence. *Id.*; *United States v. Lazaro-Guadarrama*, 71 F.3d 1419, 1421 (8th Cir. 1995).

> The rule of lenity, however, is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act, such that even after a court has seize[d] every thing from which aid can be derived, it is still left with an ambiguous statute. The rule [of lenity] comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers.

*Chapman v. United States*, 500 U.S. 453, 463 (1991) (internal quotations and citations omitted).

Speakman's position is that the rule of lenity applies because his prior convictions might have been fewer had the charges been filed by a different prosecutor or had he been convicted in a different county. Speakman argues that because of this inconsistency in the process leading to his earlier convictions, applying the rule of lenity would level the playing field when, in certain instances such as this, his actions might have comprised only one conviction on one charge.

Speakman's argument is flawed in two respects. First, Speakman does not point to the ambiguity in the language or structure of the Act, and we find none as it applies to this case. The phrase "committed on occasions different from one another" in §

-6-

924(e) is unambiguous on these facts, particularly because we have already interpreted § 924(e)'s language to mean that separate occurrences, on separate days, resulting in separate underlying convictions satisfy the requirements for enhancement under § 924(e). *See Boyles*, *Rodriguez, and McDile*. Consequently, our interpretation of § 924(e) as it applies to this case is not subject to the rule of lenity.

Second, Speakman argues that it was the underlying "process" in state court resulting in multiple convictions prior to the application of the enhancement statute that creates the ambiguity. The rule of lenity, however, does not apply to this challenge. Rather, Speakman's argument is akin to a collateral challenge to the validity of the underlying convictions used for enhancement, and such a challenge is not cognizable except in limited circumstances that are inapplicable here. *See Daniels v. United States*, 532 U.S. 374 (2001) (a defendant in custody on prior convictions who fails to pursue or was unsuccessful in pursuing available remedies challenging prior convictions later used for enhancement cannot challenge prior convictions through a motion to vacate, set aside, or correct sentence); *Custis v. United States*, 511 U.S. 485 (1994) (except for convictions obtained in violation of the right to counsel, a defendant has no right under the ACCA or the Constitution to collaterally attack prior convictions at his federal sentencing proceeding).

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.