# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3879

_____

United States of America,        *

                            *

        Appellant,        *

                            *   Appeal from the United States

   v.                   *   District Court for the

                            *   Eastern District of Missouri.

Ivan Excel Mason,        *

                            *

        Appellee.        *

_____

Submitted: March 13, 2006
Filed: March 21, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

The government appeals the district court's decision not to sentence Ivan Excel Mason (Mason) as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on Mason's ten prior Missouri state drug offense convictions comprising seven separate drug sale events over nineteen days in October 1999. We reverse and remand for resentencing.

## I.    BACKGROUND

On June 30, 2005, Mason pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before the events giving rise to Mason's recent federal convictions, on June 12, 2000, Mason was

convicted in Missouri state court of ten counts of distribution of a controlled substance, in violation of Missouri Revised Statutes sections 195.211 and 558.011. Mason's ten counts of distributing drugs involved sales of cocaine base or heroin at four different locations on seven different dates, all to the same undercover officer.[1]

At sentencing, the government sought to have Mason sentenced as an armed career criminal under the ACCA based on his prior drug offense convictions. Mason objected, and the district court refused to sentence him under the ACCA, viewing Mason's prior crimes as one conviction, thus not meeting the threshold three convictions as required by the ACCA. See 18 U.S.C. § 924(e)(1). The district court then sentenced Mason to 42 months' imprisonment, well below the fifteen-year minimum mandated under the ACCA. See id.

## II.  DISCUSSION

We review de novo whether a prior conviction is a serious drug offense for the purpose of sentencing under the ACCA. United States v. Brown, 408 F.3d 1016, 1017 (8th Cir. 2005).

The ACCA provides, in part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*, such person *shall be* fined under this title and *imprisoned not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not

---

[1]Mason's prior drug offenses included sales on October 7, 11, 13, 15, 19, 22, and 25, 1999, at four separate locations in St. Louis County, Missouri.

> suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added). The language of section 924(e)(1) is clear and mandatory.

We repeatedly have held criminal episodes underlying convictions trigger application of the ACCA, not the date of the convictions or the number of trials or pleas resulting in those convictions. See United States v. Turner, 431 F.3d 332, 337-38 (8th Cir. 2005) (deciding two robberies in different cities with different victims three days apart were distinct criminal episodes for section 924(e)(1); United States v. Speakman, 330 F.3d 1080, 1081-83 (8th Cir. 2003) (finding three drug sales made to the same undercover officer on different days and times within a one-month period, and consolidated for sentencing, were still separate and distinct criminal episodes under § 924(e)); United States v. Long, 320 F.3d 795, 801-02 (8th Cir. 2003) (holding defendant's guilty plea to three counts involving three separate drug deliveries on separate days constituted three convictions for ACCA purposes regardless that defendant pled guilty in a single proceeding and was sentenced to a single ten-year sentence for all three deliveries). See also United States v. Cardenas, 217 F.3d 491, 491-92 (7th Cir. 2000) (concluding two sales of crack cocaine made a half a block apart and separated by 45 minutes, and a third sale made the next day, all to the same people, were each separate and distinct criminal episodes constituting three previous convictions under section 924(e)(1)). Our decision in United States v. McDile, 914 F.2d 1059, 1060-61 (8th Cir. 1990) (per curiam), is particularly on point. In that case, McDile pled guilty to two counts of selling a controlled substance, occurring on separate dates, and pled guilty in another case to two counts of selling a controlled substance, again occurring on separate dates. We disagreed with McDile's contention that his four convictions, occurring at the same time in state court, were a single criminal episode for the purposes of the ACCA. We held, because the "drug sales were at different times, spread over a two-month period and were made to two

-3-

different individuals," McDile had four prior convictions for purposes of the ACCA. Id. at 1061.

McDile's reasoning applies here. Mason's drug sales occurred at different times and locations, and were spread over approximately a three-week period. It is true McDile made sales to two individuals while Mason's ten sales all were made to the same undercover officer. The ACCA speaks, however, to drug offenses committed on different "occasions," not to offenses committed with different individuals. 18 U.S.C. § 924(e)(1). See Speakman, 330 F.3d at 1082. We do not consider the fact Mason made repeated sales to the same customer a relevant factor in determining whether the ACCA applies.

Under Missouri law, Mason's prior drug offense convictions were "serious drug offenses" for purposes of the ACCA. See 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"); Mo. Rev. Stat. §§ 195.211, 558.011.1(2) (subjecting those convicted of the Class B felony of distributing a controlled substance to a maximum penalty of fifteen years' imprisonment). Mason's ten prior convictions involved seven separate criminal episodes. See Speakman, 330 F.3d at 1082-83; McDile, 914 F.2d at 1060-61. Mason therefore should have been sentenced as a career offender under the ACCA, and his 42-month sentence is illegal.

## III. CONCLUSION

For the reasons stated, the district court's 42-month sentence for Mason is reversed, and we remand for resentencing in accordance with the ACCA and this opinion.

_____