# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-4029

———————

United States of America,

        Appellee,

   v.

Eddie W. Smith,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted:  August 7, 2008
Filed:  August 14, 2008

———————

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Eddie Smith pleaded guilty to knowingly possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The district court[1] found that his five prior drug convictions – which included sales of controlled substances to an undercover officer on three different dates within a forty-day time period – totaled at least three serious drug offenses under the Armed Career Criminal Act (ACCA), and the court imposed a 180-month prison sentence on October 6, 2006.  Smith appeals, arguing the government did not prove that his prior

———————

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

narcotics convictions were district criminal episodes rather than one prolonged transaction constituting a single criminal episode.

We agree with the district court that Smith's prior drug convictions amount to at least three qualifying convictions for purposes of the ACCA. See United States v. Mason, 440 F.3d 1056, 1057 (8th Cir. 2006) (de novo review; criminal episodes underlying convictions trigger application of ACCA, not date of convictions or number of trials or pleas); United States v. Speakman, 330 F.3d 1080, 1081-82 (8th Cir. 2003) (3 drug sales to same undercover officer on 3 separate dates within 1 month, although consolidated into single sentence, were properly treated as 3 convictions for purposes of ACCA); United States v. Cardenas, 217 F.3d 491, 491-92 (7th Cir. 2000) (2 drug sales to same individuals within 45 minutes constituted separate and distinct episodes under § 924(e)(1); defendant had time to change his mind, to cease and desist, and to refuse to sell to informants during time lapse).

Accordingly, we affirm.

_____