# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1027

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jerry N. Brown, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 23, 2009
Filed: April 24, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jerry Brown appeals the 180-month prison term the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1), and (e)(2)(B). The district court sentenced Brown as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 based on his Missouri convictions for burglary, first degree sexual abuse, and manufacturing marijuana. Brown's counsel has moved to withdraw and has filed a brief under

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Anders v. California, 386 U.S. 738 (1967), in which he presents Brown's argument that the court erred in sentencing him as an armed career criminal.

We review de novo whether a prior conviction qualifies as a violent felony or serious drug offense under § 924(e). See United States v. Armstrong, 554 F.3d 1159, 1163 (8th Cir. 2009) (violent felony); United States v. Mason, 440 F.3d 1056, 1057 (8th Cir. 2006) (serious drug offense). After careful review, we conclude that the district court correctly determined that Brown had three qualifying felonies under § 924(e).

First, Brown's Missouri conviction for burglary qualified as a violent felony under § 924(e). See 18 U.S.C. § 924(e)(2)(B) ("violent felony" means any crime punishable by imprisonment for term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"); Mo. Rev. Stat. §§ 569.170(1) (1978) (person commits crime of burglary in second degree when he knowingly and unlawfully enters building for purpose of committing crime therein), 558.011 (authorized term of imprisonment for class C felony is term of years not to exceed 7 years); Taylor v. United States, 495 U.S. 575, 599 (1990) (person has been convicted of burglary for purposes of § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having basic elements of unlawful or unprivileged entry into, or remaining in, building or structure, with intent to commit crime); United States v. Bell, 445 F.3d 1086, 1090-01 (8th Cir. 2006) (district court correctly concluded that appellant's prior commercial burglary conviction was for entering building, which is "generic burglary" under Taylor, and therefore crime of violence under Guidelines); see also United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008) (this court has never recognized difference between "crime of violence" and "violent felony").

Second, Brown's Missouri conviction for first degree sexual abuse also qualified as a violent felony under § 924(e), because the statute of conviction had as an element the use of physical force against another person. See Mo. Rev. Stat. §§ 566.100 (1986) (person commits crime of sexual abuse in first degree if he subjects another person to sexual contact without that person's consent by use of forcible compulsion; sexual abuse in first degree is class D felony), 558.011 (authorized term of imprisonment for class D felony is term of years not to exceed 5 years).

Finally, Brown's Missouri conviction for manufacturing marijuana qualified as a serious drug offense under § 924(e). See 18 U.S.C. § 924(e)(2)(A)(ii) ("serious drug offense" means offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute controlled substance, for which law provides maximum term of imprisonment of 10 years or more); Mo. Rev. Stat. §§ 195.020 (1986) (it is unlawful for any person to manufacture . . . any controlled or counterfeit substance"), 195.200 (maximum term of imprisonment for violating "any provision of this chapter" is 20 years).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____