# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3236

_____

United States of America

*Plaintiff - Appellee*

v.

Dominic A. Rickett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 9, 2013
Filed: June 28, 2013
[Unpublished]

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ROSE,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa, sitting by designation.

Dominic A. Rickett pled guilty to unlawful possession of ammunition as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). After finding that Rickett had at least three prior convictions for violent felonies, the district court[2] sentenced Rickett to the mandatory minimum sentence of 15 years' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Rickett appeals, and we affirm.

First, Rickett challenges the district court's use of two burglary convictions as ACCA-qualifying offenses. Rickett claims the burglaries do not qualify as separate violent felonies under the ACCA because they were committed on the same day and he was given concurrent sentences for the crimes.

We review de novo a district court's determination that a defendant's criminal convictions are predicate offenses under the ACCA. United States v. Willoughby, 653 F.3d 738, 741 (8th Cir. 2011) (citation omitted).

"Under the ACCA, each distinct 'criminal episode'—as opposed to a 'continuous course of conduct'—is a separate predicate offense." United States v. Chappell, 704 F.3d 551, 552 (8th Cir. 2013) (quoting United States v. Mason, 440 F.3d 1056, 1057–58 (8th Cir. 2006)). "[A] criminal offense is a distinct criminal episode when it occurs in a different location and at a different time." Id.

Rickett's burglary offenses occurred forty minutes apart, at separate residences, involved different victims, and were charged under separate case numbers. Such convictions trigger section 924(e) enhancement. See, e.g., United States v. Gray, 85 F.3d 380, 381 (8th Cir. 1996) (finding two burglaries separated by twenty-five

---

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

minutes, for which the defendant received concurrent sentences, were discrete predicate offenses within the meaning of section 924(e)).

Rickett next contends his sentence is unreasonable under the United States Sentencing Guidelines in light of 18 U.S.C. § 3553(a). Because Rickett was sentenced to the minimum term of imprisonment mandated by the ACCA, "'reasonableness' under the Guidelines is not implicated." See United States v. Samuels, 543 F.3d 1013, 1021 (8th Cir. 2008), cert. denied, – U.S. –, 129 S. Ct. 1921 (2009) (conducting a reasonableness review unnecessary where a mandatory minimum sentence under the Controlled Substances Act was imposed).

Finally, Rickett argues his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We review this issue de novo. United States v. Montgomery, 701 F.3d 1218, 1224 (8th Cir. 2012), cert. denied, No. 12-10194, 2013 WL 1935323 (U.S. June 10, 2013).

Rickett's argument is foreclosed by a long line of cases in which we held the mandatory minimum sentence provisions of section 924(e) do not constitute cruel and unusual punishment. Id.; United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009); United States v. Harris, 324 F.3d 602, 607 (8th Cir. 2003); United States v. Yirkovsky, 259 F.3d 704, 707 (8th Cir. 2001); United States v. Villar, 184 F.3d 801, 803 (8th Cir. 1999). We reject Rickett's Eighth Amendment challenge.

For the reasons stated above, the judgment of the district court is affirmed.

_____