UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejos CARDENAS, Defendant–
Appellant.

No. 00–1177.

United States Court of Appeals,
Seventh Circuit.

Argued May 8, 2000

Decided June 23, 2000

Gayle Helart (argued), Office of the U.S. Attorney, Indianapolis, IN, for plaintiff–appellee.

James C. McKinley (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, for defendant–appellant.

Before POSNER, Chief Judge, and BAUER and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

On January 7, 2000, Alejos Cardenas pled guilty to two counts of possessing a handgun in violation of 18 U.S.C. § 922(g). The district court sentenced him to a term of imprisonment of 180 months and 5 years of supervised release. In computing Cardenas' sentence, the district court found that Cardenas qualified for an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The ACCA mandates a minimum sentence of fifteen years for a defendant with three prior serious drug convictions, who is subsequently convicted for unlawful possession of a firearm. Cardenas had three prior convictions for selling crack cocaine. The convictions included two sales of crack cocaine to confidential informants on March 27, 1995, one at 8:00 p.m. and the other at 8:45 p.m. and a third the following

**492**

day at 9:00 p.m. The district court concluded that each sale constituted a separate and distinct criminal episode. Cardenas disagrees, arguing that the sales on March 27 constituted a single predicate offense under the ACCA.

We review whether the district court violated the statute in its sentencing determination *de novo*. *United States v. Williams*, 68 F.3d 168, 169 (7th Cir.1995).

■ Title 18, United States Code, Section 924(e)(1) provides that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . .

In *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir.1994) (en banc), the court examined the "committed on occasions different from one another" language of § 924(e)(1). The court concluded that it is necessary "to look to the nature of the crimes, the identities of the victims, and the locations." *Id.* Additionally, we must ask whether the defendant had sufficient time to cease and desist or withdraw from the criminal activity. *Id.*; *Williams*, at 171.

In *Hudspeth*, the defendants, in a span of thirty-five minutes, burglarized three separate businesses at the Laketown Shopping Center. *Id.* at 1022. The burglars first entered the cleaners. Next they used a sledge hammer to break the adjoining wall to gain entrance into the doughnut shop. Finally, they forced the door of the adjacent insurance company open. *Id.* The court found that each unlawful entry was a separate and distinct episode. Before entry into the second and third businesses, the defendants had the chance to stop the criminal activity but instead chose to continue. *Id.* Each entry was a "clear and deliberate" choice. *Id.*

■ In this case, the two sales of crack cocaine on March 27 were two separate and distinct episodes. While Cardenas sold the crack cocaine to the same people, the sales were separated by forty-five minutes and a half a block. Cardenas had plenty of time to change his mind, to cease and desist, and to refuse to sell to the informants. The price of the cocaine at the first sale was not contingent on there being a second sale. The informants were not afforded any deals if they purchased more. In fact, the informants paid the same price at each sale, $60 for three pieces. Further, Cardenas did not know if the informants would even return to buy more. The understanding after the first sale was that they would return *if* the drugs were acceptable. This was not a single agreement as Cardenas would like us to believe, but two separate transactions.

The district court correctly applied § 924(e) to Cardenas. As we found in *Hudspeth*, "a defendant who has the opportunity to cease and desist or withdraw from his criminal activity at any time, but who chooses to commit additional crimes, deserves harsher punishment . . ."

Affirmed.