

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# USA v. Crump

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Crump" (2007). *2007 Decisions*. Paper 789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1269

_____


UNITED STATES OF AMERICA

v.

JASON CRUMP,

Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00242)
District Judge:  Honorable Gene E.K. Pratter

_____



Submitted pursuant to Third Circuit LAR 34.1(a)
April 27, 2007

Before: SCIRICA, <u>Chief Judge</u>, FUENTES and ALARCÓN,[*] <u>Circuit Judges</u>.

(Filed:    July 11, 2007)

_____

[*] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

On April 26, 2005, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Jason Crump with one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). The District Court imposed a term of 180 months in prison, the mandatory minimum under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). On appeal, Crump argues that he is not an "armed career criminal" because two of the three prior convictions attributed to him should be considered part of the same criminal episode. He also argues that the District Court improperly relied on Almendarez-Torres v. United States, 523 U.S. 224 (1998) in setting his sentence. We will affirm.

**I.**

On October 15, 2004, Jason Crump was pulled over by police officers in Philadelphia, Pennsylvania for a traffic violation. The officers found Crump to be in possession of a loaded semiautomatic handgun, which they later determined to have been manufactured out of state. Crump subsequently pleaded guilty to being a convicted felon in possession of a firearm, but challenged whether he had enough convictions to be deemed an armed career criminal under 18 U.S.C. § 924(e).

At his sentencing hearing, the government submitted certified records from Pennsylvania's Common Pleas Court indicating that Crump had been convicted of: (1) possession with intent to deliver crack cocaine and criminal conspiracy on March 16, 1999; (2) possession with intent to deliver crack cocaine on March 25, 1999; and (3) possession with intent to deliver crack cocaine on January 2, 2001. Crump argued that the first two convictions arose from a continuous course of conduct in the same location and should therefore constitute a single occasion. The District Court disagreed, determining that all three convictions were committed on different occasions within the meaning of § 924(e).

At the sentencing hearing Crump also asked that the District Court require the government to include in the indictment, and prove to a jury beyond a reasonable doubt, his prior convictions. The District Court denied this request. In accordance with these determinations, the District Court imposed the mandatory minimum sentence of 180 months in prison. This timely appeal followed.

**II.**

We have jurisdiction to review Crump's sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. See United States v. Cooper, 437 F.3d 324, 327-28 & n.4 (3d Cir. 2006).

A.    Armed Career Criminal Act

Under 18 U.S.C. § 924(e) (1), a person who "violates section 922(g) of this title and has three previous convictions . . . for a . . . serious drug offense . . . committed on

occasions different from one another . . . shall be . . . imprisoned not less than fifteen years . . . ." Having been sentenced under this provision, Crump contends that two of his three previous drug trafficking offenses were committed on different occasions from one another. Specifically, he argues that his first two convictions arose from a single criminal episode because he was arrested for them on the same day and pleaded guilty to them at the same proceeding. Crump also argues that since the transactions took place only nine days apart, and within close proximity of one another, they are part of the same offense.

We conclude that Crump's offenses were committed on occasions different from one another under § 924(e). In United States v. Schoolcraft, 879 F.2d 64 (3d Cir. 1989) we recognized that "individual convictions may be counted for purposes of sentencing enhancement so long as the criminal episodes underlying the convictions were distinct in time." Id. at 73. This approach is consistent with the plain language of the statute which asks whether the offenses were "*committed* on occasions different from one another." 18 U.S.C. § 924 (e)(1) (emphasis added). In this case, although Crump was arrested and pleaded guilty to the two offenses at the same time, the offenses were distinct in time as they were actually committed several days apart.

Moreover, contrary to Crump's assertion, his offenses were not "a continuous course of drug selling" amounting to a single criminal episode. (Crump's Br. at 13.) Simply because Crump engaged in the same illicit activity twice within a matter of days does not mean he committed only one offense. In a similar case, for example, the Seventh Circuit determined that two crack sales made on the same block within 45

minutes of one another were distinct for the purposes of the ACCA. <u>United States v. Cardenas</u>, 217 F.3d 491, 492 (7th Cir. 2000). In coming to this conclusion, the court asked, among other things, whether "the defendant had sufficient time to cease and desist or withdraw from the criminal activity." <u>Id.</u>

In this case, with several days intervening between episodes, Crump clearly had sufficient time to withdraw from the criminal activity. This result is in accord with other courts that have found separate offenses when short intervals were involved. <u>See e.g.</u>, <u>United States v. Letterlough</u>, 63 F.3d 332, 337 (4th Cir. 1995) (drug sales approximately ninety minutes apart were on occasions different from one another); <u>United States v. Brady</u>, 988 F.2d 664, 669 (6th Cir. 1993) (two armed robberies thirty minutes apart counted as separate offenses); <u>United States v. Rideout</u>, 3 F.3d 32, 35 (2d Cir. 1993) (breaking and entering convictions for two offenses separated by at least twenty to thirty minutes qualified as separate offenses); <u>United States v. Wicks</u>, 833 F.2d 192, 194 (9th Cir. 1987) (two burglaries which took place on the same day, yet at different places counted as individual convictions). With this in mind, the District Court did not err in determining that Crump had three previous convictions for offenses that were committed on different occasions.

B. <u>Almendarez-Torres</u>

Crump also argues that the District Court violated his Fifth and Sixth Amendment rights by finding his prior convictions by a preponderance of the evidence. Crump

concedes that this issue is controlled by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but argues that this Supreme Court precedent should no longer be followed. His contention is that <u>Almendarez-Torres</u> has been undermined by subsequent Supreme Court precedent—specifically <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Shepard v. United States</u>, 544 U.S. 13 (2005). We reject this contention.

As we have ruled previously, <u>Almendarez-Torres</u> remains binding precedent, in spite of the recent Supreme Court cases cited by Crump. <u>See</u> <u>United States v. Ordaz</u>, 398 F.3d 236, 241 (3d Cir. 2005) (holding that, in spite of <u>Apprendi</u>, "<u>Almendarez-Torres</u> remains binding law . . ."); <u>United States v. Coleman</u>, 451 F.3d 154, 161 (3d Cir. 2006) (stating that "the Supreme Court's decision in <u>Almendarez-Torres</u> remains good law after <u>Shepard</u> . . ."). Accordingly, we must decline Crump's invitation to diverge from binding precedent.

## III.

For the foregoing reasons, we will affirm the judgment of sentence.