**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 22, 2008
Decided June 23, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2906

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-009-001 |
| TYREE POLLARD, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Tyree Pollard, a convicted felon, was sentenced to 15 years' imprisonment under the Armed Career Criminal Act (ACCA) for possessing a weapon. On appeal, Pollard argues that the district court should not have applied the ACCA in his case. But because we have previously rejected the type of arguments Pollard is pressing and because he makes them here only to preserve his right to seek review in the Supreme Court, we affirm his sentence.

Kenosha County police officers found ten baggies of marijuana, drug paraphernalia, ammunition, and a gun in Pollard's apartment. Pollard admitted that he owned the gun and the marijuana, and the police took him into custody. Because Pollard had two prior

state-court convictions for delivering cocaine and one prior conviction for possessing and intending to distribute cocaine, the government charged him with unlawfully possessing a firearm despite his felon status in addition to possession of marijuana with intent to distribute.

Pollard pleaded guilty to the firearm offense in exchange for the government's promise to drop the drug charge. As part of the plea agreement, the government warned Pollard that his previous drug convictions would likely subject him to enhanced sentencing penalties under the ACCA and agreed that Pollard could reserve the right to challenge the enhancement. At sentencing, Pollard did object to the ACCA's application, arguing that because his prior convictions all resulted from a single prosecution, those convictions did not comprise three separate crimes occurring on different occasions as required by the ACCA. Pollard also argued that the ACCA's sentencing enhancement, which increased his sentence beyond the statutory maximum, violated his Fifth and Sixth Amendment rights because the judge, not a jury, decided the facts relating to his criminal history and because the judge did so using a standard of the preponderance of the evidence instead of beyond a reasonable doubt. The district court rejected both arguments, however, and sentenced Pollard to 15 years' imprisonment, the minimum required under the ACCA.

On appeal, Pollard again challenges his sentence enhancement under the ACCA. The ACCA establishes a minimum 15-year sentence for felons caught with guns who have at least three prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e)(1). We review de novo the district court's application of the ACCA to Pollard's sentence. *See United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000). We have squarely rejected both of Pollard's challenges before, however, and Pollard acknowledges that he makes those challenges only to preserve them for review in the Supreme Court.

Pollard first renews his objection to the district court's conclusion that his three state convictions warranted a sentencing enhancement under the ACCA. Pollard correctly observes that the ACCA applies only when the defendant has committed three prior crimes "on occasions different from one another." 18 U.S.C. § 924(e)(1). He argues that his previous drug convictions should not count for purposes of the ACCA because they all arose from a single prosecution and therefore did not occur on separate occasions. But well-settled circuit law compels the opposite conclusion.

We have joined most of our sister circuits in holding that prior offenses committed in rapid succession count as individual offenses under the ACCA if each offense arose from a "separate and distinct criminal episode." *See United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994) (en banc) (collecting cases). Pollard contends that the ACCA was not meant to encompass multiple offenses prosecuted and sentenced together, and he invites this court

to revisit the *Hudspeth* standard.  But whether predicate offenses under the ACCA were prosecuted at the same time is irrelevant.  What matters is whether the underlying offenses occurred simultaneously or sequentially, thus permitting the defendant to abandon the criminal enterprise before moving on to the next crime.  *See Hudspeth*, 42 F.3d at 1021 (holding that defendant's three burglaries over a 30-minute period counted as separate convictions under the ACCA); *see also United States v. Morris*, 293 F.3d 1010, 1014 (7th Cir. 2002) (holding that defendant's two shootings, although close in time and proximity, were distinct criminal episodes under the ACCA); *Cardenas*, 217 F.3d at 492 (holding that two sales of crack separated by 45 minutes and one city block were separate offenses under the ACCA).  Pollard's case is not even a close call: although he committed all three drug offenses at his home, they were not at all temporally close, occurring on February 6, May 2, and May 21 of 2002.  They clearly constituted "separate and distinct criminal episodes," giving Pollard ample time to cease his criminal conduct between offenses.  *See Hudspeth*, 42 F.3d at 1021.  Pollard's first challenge to the ACCA must therefore fail.

Pollard's second challenge, as he recognizes, is similarly doomed under current law. He argues that, in light of recent Supreme Court jurisprudence, the district court's fact-finding regarding his criminal history violates the Fifth Amendment's "beyond a reasonable doubt" standard and his Sixth Amendment right to a jury trial.  *See United States v. Booker*, 543 U.S. 220, 245 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  However, the contrary rule established by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), which held that the existence of a prior conviction need not be proven to a jury but rather may be determined by the judge at sentencing, is still good law.  Although we have questioned the validity of the *Almendarez-Torres* rule after *Apprendi* and *Booker*, *see United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006), that issue can only be answered by the Supreme Court, *see id.*  We have repeatedly rejected this argument, and until the Supreme Court overrules *Almendarez-Torres*, it can fare no better here.  *See, e.g., United States v. Hendrix*, 509 F.3d 362, 375 (7th Cir. 2007); *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006); *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005).

AFFIRMED.