NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011
Decided April 12, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2668

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:09CR00124-001 |
| STEVEN L. HUNTER, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

**O R D E R**

Steven Hunter fired a gun during a domestic dispute with his girlfriend. He fled the scene in his car, but officers gave chase and caught him shortly afterward with ammunition in his pocket. The officers also recovered the gun, which Hunter tossed from his car during the pursuit. Hunter, a felon, was convicted after trial of possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The district court concluded that he was subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on five convictions for robbery and one for criminal confinement, all of which arose from a bank robbery and one-day crime spree. *See Hunter v. Clark*, 906 F.2d 302, 303 (7th Cir. 1990). The district court calculated a guidelines imprisonment range of 262 to 327 months, and sentenced Hunter below that range to 216 months. Hunter filed a notice of appeal, but his appointed lawyer

asserts that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Hunter opposes counsel's motion, *see* CIR. R. 51(b), but his response does not raise any potential issues not already discussed in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At trial the government presented testimony that Hunter possessed a .38-caliber Smith & Wesson revolver and ammunition for the gun. Hunter testified in his own defense and did not dispute that fact. Instead he testified that he possessed the handgun because he took it away from his girlfriend, Barbara Shelton, after she pointed the weapon at him in a frenzy late one night. But Shelton testified that it was Hunter who pulled the gun on her, beat her, and fired the gun during their dispute. Shelton testified that immediately afterward she called 911 and Hunter took the gun and fled their apartment in his car.

Police officers testified that, after tailing Hunter through a shopping center, they stopped and searched him. They found ammunition in his pocket. And after retracing his route through the shopping center, they found the gun, which Hunter had thrown from his car into the parking lot. At trial Hunter testified that initially he thought the officers had stopped him for a traffic offense, and that he had intended to collect the gun afterward.

The grand jury returned a superseding indictment charging Hunter with two counts of violating § 922(g), one for the ammunition and a second for the gun. The district court denied Hunter's pretrial motion to dismiss the indictment as multiplicitious. Counsel's *Anders* submission evaluates whether Hunter could challenge that ruling. We agree with counsel that a claim about the ruling would be frivolous. It is true, as counsel recognizes, that simultaneous possession of a firearm and ammunition (or multiple units of either or both) constitutes a single violation of § 922(g) unless the government can trace the possession to separate courses of conduct. *United States v. Ellis*, 622 F.3d 784, 794 (7th Cir. 2010); *United States v. Moses*, 513 F.3d 727, 732 (7th Cir. 2008). The grand jury may charge a separate count, however, for each firearm and ammunition, *United States v. Buchmeier*, 255 F.3d 415, 422 (7th Cir. 2001), so long as the number of convictions conforms to the evidence at trial, *United States v. Jones*, 601 F.3d 1247, 1259-60 (11th Cir. 2010); *United States v. Conley*, 291 F.3d 464, 470-71 (7th Cir. 2002). In this instance the jury returned guilty verdicts on both counts, but the district court entered a judgment on one count only because the government's evidence did not establish more than a single course of conduct. Merging the two counts into a single conviction, rather than dismissing the indictment, was the appropriate response to Hunter's motion to dismiss. *See United States v. Parker*, 508 F.3d 434, 440-41 (7th Cir. 2007).

Counsel next evaluates whether Hunter could argue that the district court erred in allowing the prosecutor to cross-examine him about his Indiana convictions for robbery and

criminal confinement, all felonies. Hunter contends that he was prejudiced by the prosecutor's questioning. Before trial, however, Hunter's lawyer had agreed that the government would be permitted to use the prior convictions to impeach Hunter if he took the stand. *See* FED. R. EVID. 609(a). And in line with that understanding, the prosecutor asked Hunter about those convictions and his sentence during cross-examination. Moreover, on direct examination Hunter's lawyer already had elicited testimony from him about the six convictions, five for robbery and one for criminal confinement, and the 120-year sentence he initially received. The prosecutor's cross-examination did not stray beyond the bounds of Hunter's direct testimony or Federal Rule of Evidence 609. *See United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006); *United States v. Estrada*, 430 F.3d 606, 615-16 (2d Cir. 2005); *United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009). We thus agree with appellate counsel that this potential issue would be frivolous.

Counsel further considers whether Hunter might contend that the district court committed reversible error in refusing to instruct the jury on his defensive theory of necessity. Although the district court rejected Hunter's proposed instruction on this defense, the court granted his request for a self-defense instruction, essentially a justification based on "innocent possession." *See United States v. Jackson*, 598 F.3d 340, 349-50 (7th Cir. 2010). Regarding necessity, Hunter wanted the jury to be instructed that it must acquit if it found he reasonably believed that his criminal conduct was necessary to avoid harm more serious than that sought to be prevented by the statute and, given the imminence of the threat, there was no reasonable legal alternative to violating the law.

We agree that challenge to the denial of the proposed necessity instruction would be frivolous. First the district court ultimately granted a self-defense instruction, which reflected Hunter's theory of innocent possession. Rejection of an instruction incorporating an identical defense theory, hence, did not deny Hunter a fair trial. *See Jackson*, 598 F.3d at 345. And as counsel notes, the defense of necessity is quite narrow. *United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010). In cases where felons possessed firearms, the defense has been applied only to defendants who, in the heat of a dangerous moment, disarm someone else, thereby possessing a gun briefly in order to prevent injury. *Id.* Hunter, though, by his own admission possessed the gun for a prolonged period and had multiple lawful opportunities to dispose of it. A necessity defense, therefore, was not consistent with the evidence, even from Hunter's point of view. *See Jackson*, 598 F.3d at 350; *United States v. Hendricks*, 319 F.3d 993, 1007 (7th Cir. 2003).

Counsel next assesses whether to claim that the district court erroneously sentenced Hunter as an armed career criminal under § 924(e). The court relied on Hunter's convictions for robbery and criminal confinement, all of which arose from events on a single day. A defendant qualifies as an armed career criminal under § 924(e) if he has three prior

convictions for "a violent felony or a serious drug offense, or both," so long as the offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e). In the district court there was no disagreement that Hunter had accumulated at least three convictions for "violent felonies." *See id.; United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005). Instead, the parties debated whether Hunter's offenses had been committed on different occasions, since all of them resulted from a single bank robbery and its aftermath. Counsel contemplates arguing that there really was only one crime for purposes of § 924(e), but concludes that such an argument would be frivolous because, although the crimes occurred on the same day, Hunter actually robbed five different victims, at different times, in different locations. Counsel references the presentence report, which states:

> On January 24,1984, three males wearing face masks, brandishing a .32 caliber handgun and two sawed-off shotguns, entered the Indiana National Bank on Michigan Road while a fourth male waited in a vehicle outside the bank. One of the males forced the manager to fill a pillow case with money and then took car keys from a customer and the assistant manager. The men forced the assistant manager outside the bank, but he was able to flee. The men fled in a stolen van.
>
> A short time later, the men ran Bernard Lee off the road and forced him from his vehicle.
>
> One of the suspects hit Mr. Lee with one of the shotguns. The robbers tried to force Mr. Lee into his vehicle, but he ran away. The vehicle became stuck on the ice, so the men fled in their stolen van.
>
> A short time later, the men passed Wilford Clark on the road, and blocked him in and forced him out of his vehicle at gunpoint. They robbed Mr. Clark of $50 and then forced him into the van and ordered him to drive it. The suspects fled in his vehicle and later abandoned it.

We would conclude that the underlying crimes were not simultaneous, but instead sequential, and that Hunter had ample time to withdraw from his crime spree before each successive crime. *See United States v. Morris*, 293 F.3d 1010, 1013-14 (7th Cir. 2002). It would, therefore, be frivolous to contend that the violent felonies were not "committed on occasions different from one another" for purposes of § 924(e). *See United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000).

A more nuanced potential issue is whether, in deciding whether the offenses were committed on different occasions, the district court erred by relying on the description of

the crime spree in the presentence report. At sentencing, the district court specifically asked Hunter's counsel whether he had any objection to the above summary of the crimes. He had none. Instead, Hunter solely contested the legal conclusion that the acts occurred "on different occasions," and in resolving that question, the district court relied on the uncontested narrative of Hunter's robberies.

When seeking to classify a prior conviction, the sentencing judge is limited to the terms of the charging document, the terms of a plea agreement or transcript or colloquy between judge and defendant, or to some comparable judicial record of the information, and generally must not consider the particular facts disclosed by the record of conviction. *See James v. United States*, 550 U.S. 192, 202 (2007); *Shepard v. United States*, 544 U.S. 13, 17 (2005). When determining whether prior offenses were committed on "different occasions" under § 924(e), though, courts may rely on undisputed sections of the presentence report. *See United States v. Harris*, 447 F.3d 1300, 1305-06 (10th Cir. 2006); *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005). Therefore, Hunter's challenge would be frivolous. And in any event, if challenged, we would take judicial notice of the details of the crime spree reflected in prior judicial decisions, as *James* and *Shepard* would permit: *Hunter v. Clark*, 934 F.2d 856, 858 (7th Cir. 1991); *Hunter v. Clark*, 906 F.2d 302, 303 (7th Cir. 1990); *Hunter v. State,* 656 N.E.2d 875, 876 (Ind. App. 1995).

The last two potential issues identified by counsel require little discussion. Counsel observes that Hunter wants to raise a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), since there were no African Americans on his jury. That challenge would be frivolous because the government did not exercise a peremptory challenge to exclude any potential Black jurors. *See Aki-Khuam v. Davis,* 339 F.3d 521, 526 (7th Cir. 2003). And although Hunter wishes to contest the performance of his trial lawyer, appellate counsel is correct that Hunter would be better served by asserting that claim in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Williams*, 272 F.3d 845, 854 (7th Cir. 2001).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.