UNITED STATES of America

v.

Terrance CHATMAN, Appellant.

No. 11–2244.

United States Court of Appeals,
Third Circuit.

Argued May 23, 2012.

Opinion Filed: Aug. 27, 2012.

Caroline G. Cinquanto, (Argued), Philadelphia, PA, for Appellant Terrance Chatman.

Eric B. Henson, Nathan J. Schadler, Kathy A. Stark, Robert A. Zauzmer (Argued), Office of the United States Attorney, Philadelphia, PA, for Appellee the United States of America.

Before: RENDELL, FUENTES, and HARDIMAN, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Terrance Chatman was found guilty by a jury for possessing with intent to distribute cocaine base and cocaine, for using a firearm in furtherance of these offenses, and for being a felon in possession of a firearm. At sentencing, the District Court

found that Chatman had three prior serious drug offenses committed on occasions different from one another and thus qualified for the Armed Career Criminal Act (the "ACCA") enhancement. It sentenced Chatman to a total of 360 months' imprisonment. On appeal, Chatman challenges the application of the ACCA enhancement to him. For the following reasons, we will affirm.

## I.

Because we write solely for the parties, we recount only the necessary facts. While on parole for unrelated state charges, Terrance Chatman lived in the basement of his mother's house. After his parole officer observed him driving and breaking his curfew several times, both violations of the conditions of his parole, the officer conducted a search of Chatman's home. In Chatman's room, he found unused latex gloves, a digital scale with white powder residue, and a box of plastic bags. Hidden in the ceiling, he found 27.11 grams of cocaine, 21.89 grams of cocaine base, a loaded .40 caliber semiautomatic pistol, and more bags.

Based on the parole officer's search, the United States sought and received an indictment against Chatman. The indictment charged him with one count of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a); one count of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At trial, Chatman testified and admitted to possession of the drugs. However, he contested the gun charge, claiming that it belonged to his girlfriend Kimberly Harley and that he only possessed the gun mo-

mentarily while she placed it in the ceiling. The jury ultimately rejected that theory and found Chatman guilty on all counts.

A pre-sentence report was prepared that detailed Chatman's lengthy criminal history. The report noted that on June 7, 1995, Chatman sold cocaine to an undercover agent. On June 12, 1995, he sold cocaine to the same undercover agent. A search warrant was executed on July 20, 1995, and the police found drug paraphernalia, two ounces of cocaine, and cash in Chatman's bedroom. A year later, in 1996, he pled guilty to multiple counts of manufacturing, delivering or possessing with intent to manufacture or deliver a controlled substance and conspiring to do the same based on this conduct (the "1996 convictions").

Based only on this threadbare recitation of the facts underlying these convictions, the probation officer determined that Chatman qualified as an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(a)(2), as these convictions were three "serious drug offenses" that were "committed on occasions different from one another," id. Application of the enhancement raised Chatman's mandatory minimum sentence to 15 years' imprisonment and raised his maximum sentence to life imprisonment.

In his sentencing memorandum to the District Court, Chatman's counsel objected to the application of the ACCA enhancement. However, his counsel withdrew the objection at the sentencing hearing and conceded that the enhancement applied based on Chatman's 1996 convictions. Appendix ("App.") at 661–62. After hearing argument from the parties, the District Court applied the enhancement and sentenced Chatman to 300 months on the drug possession charges and for being a felon in possession of a firearm to be served concurrently with each other, and

60 months for possessing a firearm in furtherance of the drug crimes to be served consecutively. Thus, the District Court sentenced Chatman to a total term of 360 months' imprisonment. Chatman filed a timely notice of appeal.

## II.[1]

Because Chatman's counsel withdrew his objection to the application of the ACCA enhancement at sentencing, our review is for plain error. *See United States v. Dobson*, 419 F.3d 231, 236 (3d Cir.2005). "Under the plain error standard, before an appellate court can correct an error not raised at trial, it must find: (1) an error; (2) that is plain; and (3) that affected substantial rights." *Id.* at 236. "If all three conditions are met, [we] may in [our] discretion grant relief, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted) (alterations in the original).

An individual convicted under 18 U.S.C. § 922(g) for being a felon in possession of a firearm and who has three prior convictions for a violent felony or serious drug offense is subject to an enhanced sentence. 18 U.S.C. § 924(e). Specifically, § 924(e) holds:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.

*Id.*

In appealing the application of this enhancement, Chatman raises two distinct arguments. First, he contends that the 1996 convictions are not three "previous convictions" that were "committed on occasions different from one another," and thus he does not qualify for the enhancement. Second, he argues that the issue of the separateness of the convictions should have been submitted to a jury to be found beyond a reasonable doubt pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We address each in turn.

## A.

The District Court did not plainly err when it applied the ACCA enhancement. In *United States v. Schoolcraft*, 879 F.2d 64, 73 (3d Cir.1989), we adopted the "separate episodes" test to determine what constitutes "occasions different from one another." Such a finding does not turn on whether there were separate criminal proceedings. *See id.* at 74. Rather, it can turn on whether the criminal episodes were "distinct in time." *Id.* at 73. In determining what constitutes "occasions different from one another," we look at, *inter alia*, whether the defendant had sufficient time to cease and desist the criminal activity. *United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir.2000) (finding that two drug sales forty-five minutes apart to the same undercover agent were separate occasions under the ACCA).

■ While there may be situations that require a more nuanced factual analysis, we have no trouble concluding based on this record that the District Court did not plainly err in finding that the three charges constituted "occasions different from one another." Chatman pled guilty to selling drugs to the same undercover agent first on June 7 and then on June 12. In those five days, he had plenty of time to decide not to continue to sell drugs. For

1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

similar reasons, the charges stemming from the July 20 search, which occurred more than a month after the last drug sale, arose from a separate and distinct criminal episode. As these three convictions were for crimes committed on different occasions, the District Court did not plainly err in finding that Chatman qualified for the ACCA enhancement.

### B.

 The District Court did not plainly err when it did not submit the facts underlying the ACCA enhancement to the jury. We need not decide whether, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendants have a constitutional right to have the "occasions different from one another" issue decided by a jury. Even if *Apprendi* were implicated by the "different occasions" inquiry, that right can be waived if a defendant stipulates to the relevant facts.

*Blakely v. Washington,* 542 U.S. 296, 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Here, Chatman does not contest the dates of his prior offense conduct; he only disputes the legal significance of those dates. Since the dates the crimes were committed are not in dispute, all that is left is a legal conclusion which a district court can make without a jury.

### III.

Chatman also contends that the District Court plainly erred in instructing the jury and that he should be resentenced pursuant to the Fair Sentencing Act of 2010. We have carefully considered these arguments and find them to be without merit. We will affirm the District Court's judgment and sentence.