NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3950
_____

UNITED STATES OF AMERICA

v.

PAUL SEAN JONES,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-10-cr-00475-001
District Judge: The Honorable James Knoll Gardner


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2013

Before: McKEE, *Chief Judge,* SMITH, and GREENAWAY, JR.,
*Circuit Judges*


(Filed: April 4, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Paul Sean Jones pleaded guilty pursuant to a written plea agreement to being

1

a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The plea agreement contained a provision ensuring that Jones would be able to challenge at sentencing the applicability of the Armed Career Criminal Act (ACCA) and the mandatory minimum sentence of fifteen years. The plea agreement also contained a broad appellate waiver of his right to file either a direct appeal or to seek collateral relief.

During the guilty plea colloquy, the United States District Court for the Eastern District of Pennsylvania explained at length the difference between entering an open guilty plea to the offense charged and pleading guilty pursuant to a written plea agreement containing an appellate waiver. Jones decided to sign the plea agreement with its appellate waiver and entered his guilty plea. The District Court accepted Jones's guilty plea.

Thereafter, the presentence report prepared by probation determined that Jones had three previous controlled substance convictions and thereby qualified as an armed career criminal. As a result, the mandatory minimum sentence of fifteen years applied. *See* 18 U.S.C. §§ 922(g)(1), 924(e).

Jones objected, arguing that two of the predicate offenses were disposed of in the same judicial proceeding and that he had received concurrent sentences. As a result, Jones asserted that he did not have the requisite number of predicate convictions required for the fifteen year mandatory minimum. The government

did not dispute that two of his convictions were resolved at the same time or that his sentences were concurrent. Nonetheless, it asserted that each of the two convictions qualified as a predicate conviction under § 924(e) because the convictions were based on conduct that occurred nine days apart. The District Court agreed and sentenced Jones to the mandatory minimum fifteen year sentence. This timely appeal followed.[1]

Jones challenges the District Court's determination that he qualified as an armed career criminal. In addition, he asserts, for the first time, that the mandatory minimum sentence of fifteen years is grossly disproportionate to the offense of conviction and thereby constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

In responding to Jones's challenge to his armed career criminal status, the government did not invoke the appellate waiver. Nonetheless, it contends that the District Court's ruling was not erroneous. Whether a conviction qualifies as a controlled substance offense for purposes of the ACCA is a legal determination subject to plenary review. *United States v. Trala*, 386 F.3d 536, 547 n.15 (3d Cir. 2004) vacated on other grounds by *Trala v. United States*, 546 U.S. 1086 (2006).

The sentencing enhancement in the ACCA, 18 U.S.C. § 924(e), specifies

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise final order jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §3742(a).

that if the person who violates §922(g) has three previous convictions for a serious drug offense "committed on occasions different from one another," then a sentence of "not less than fifteen years" must be imposed. Jones contends that he does not have the requisite three convictions. We disagree.

In *United States v. Schoolcraft*, 879 F.2d 64, 73-74 (3d Cir. 1989), we concluded that the predicate offenses must arise from separate criminal episodes. This "separate episode[s]" test focuses on the circumstances to determine if the offenses were distinguishable from one another. *Id.* at 73 (citing cases involving crimes committed at distinct times, in different places, and affecting different victims); *see also United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000) (noting that, in deciding whether a defendant has the requisite predicate convictions under the ACCA, the sentencing court should "'look to the nature of the crime, the identities of the victims, and the locations,'" as well as whether there was an opportunity to stop engaging in the criminal activity) (quoting *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994) (en banc), abrogated on other grounds by *Shepard v. United States*, 544 U.S. 13 (2005)). Here, the two predicate convictions for distributing cocaine, though disposed of in the same judicial proceedings and the subject of concurrent sentences, occurred nine days apart. This establishes that the convictions were separate and distinct. *Schoolcraft*, 879 F.2d at 73-74 (agreeing with other federal courts of appeals that the episodes

4

approach "simply require[s] that the criminal episodes be distinct in time") (quoting *United States v. Towne*, 870 F.2d 880, 889-90 (2d Cir. 1989) (internal quotation marks omitted)). Accordingly, we conclude that the District Court did not err by imposing the mandatory minimum fifteen year sentence set forth in the ACCA.

Jones's assertion that his sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment is not an issue excepted by the terms of the broad appellate waiver. The government has invoked the waiver on this issue and contends that it should be enforced.[2] After review of the record, we conclude that the waiver was knowing and voluntary. Because respecting the terms of this knowing and voluntary appellate waiver will not result in a miscarriage of justice, we conclude that the waiver is enforceable with respect to Jones's Eighth Amendment claim and we decline to address it. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[2] The government's decision not to invoke the appellate waiver with respect to the applicability of the ACCA does not render the appellate waiver inoperative with respect to other issues within its scope. *See United States v. Castro*, 704 F.3d 125, 141-42 (3d Cir. 2013) (concluding that, even though knowing and voluntary appellate waiver was unenforceable with respect to one issue because it would result in a miscarriage of justice, the appellate waiver remained enforceable as to a second issue).