J-S69034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL SEAN JONES | |
| Appellant | No. 564 EDA 2014 |

Appeal from the PCRA Order entered January 29, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000885-2010

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 08, 2014**

Paul Sean Jones, who is serving 20 to 40 years in prison for murder, appeals from an order dismissing his petition under the Post Conviction Relief Act (PCRA).[1]   Jones's court-appointed attorney has filed a **Turner**/**Finley**[2] no-merit letter and petitioned to withdraw as counsel.  We find the PCRA petition to be meritless; therefore, we affirm and grant the petition to withdraw.

On June 11, 1998, Jones and Andy Lovell Reese, then members of the Nine Trey Gangster Bloods, murdered Maurice Williams in a revenge killing.

_____

[1] 42 Pa.C.S.A. §§ 9541-46.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Jones pistol-whipped and held another person at bay while Reese fired the fatal gunshot. In 2009, an investigating grand jury issued a presentment recommending charges against Reese and Jones, and each was charged with criminal homicide and conspiracy. While a petit jury was waiting to be sworn to start the trial, Jones and Reese pled guilty to third-degree murder.[3] Reese's plea agreement capped his minimum sentence at 10 years. Even though Jones was not the shooter, his minimum sentence was capped at 20 years because of his extensive criminal history. Jones's agreement also made his sentence concurrent to a 15-year federal sentence Jones was then serving.[4] Jones waived his right to a presentence investigation report (PSI). According to the terms of the plea agreements, the court immediately sentenced Reese to 10 to 20 years in prison, and Jones to 20 to 40 years in prison. The court later denied Jones's post-sentence motion.

Jones filed a timely, *pro se* PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed a **Turner**/**Finley** no-merit letter, and the PCRA court granted counsel's petition to withdraw as counsel and notified Jones of its intention to dismiss his PCRA petition without a hearing.

_____

[3] 18 Pa.C.S.A. § 2502(c).

[4] **See United States v. Jones**, 526 F. App'x 186 (3d Cir. 2013). Jones pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g), and was sentenced to a mandatory 15 years under the Armed Career Criminal Act, **id** § 924(e). **Jones**, 526 F. App'x at 187. Jones had the same plea counsel in both of his cases.

After reviewing Jones's *pro se* response, the PCRA court scheduled a hearing and ordered PCRA counsel to be present at the hearing. PCRA counsel filed an amended PCRA petition, and the PCRA court vacated its order granting PCRA counsel's petition to withdraw. The amended PCRA petition raises two claims of ineffective assistance of plea counsel: (1) inducing Jones to plead guilty by promising that he would receive a minimum sentence of no more than ten years (like Reese); and (2) waiving Jones's right to a PSI. After a second hearing at which Jones's plea counsel testified, the PCRA court denied relief. This appeal followed.

Before we consider the merits, we must address whether counsel has complied with the requirements to withdraw from representation under **Turner**/**Finley**. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw under **Turner**/**Finley** in this Court, PCRA counsel must (1) petition this Court for leave to withdraw after certifying that a zealous review of the record indicates the appeal is meritless; (2) file a no-merit letter listing the issues the PCRA petitioner raised and why they are meritless; and (3) give the petitioner a copy of the no-merit letter and advise the petitioner of the right to obtain new counsel or proceed *pro se*. **Doty**, 48 A.3d at 454 (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007)).

We find that counsel has complied with **Turner**/**Finley**. Counsel has petitioned for leave to withdraw, filed a no-merit letter that explains why

- 3 -

Jones's claims are meritless, and informed Jones of his right to hire a new lawyer or file a *pro se* response.[5]

We now conduct an independent review of the record to determine whether Jones's claims are indeed meritless. **Doty**, 48 A.3d at 454. On an appeal from the denial of PCRA relief, we apply a mixed standard of review. **See Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014) (*en banc*). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Id.** (quotation omitted). We, however, review the PCRA court's legal conclusions *de novo*. **Id.** Finally, the scope of review encompasses "the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Id.**

For both of his claims, Jones contends plea counsel misadvised him about the terms of his plea bargain. Allegations that counsel misadvised a defendant in the plea process fall under the ineffective assistance of counsel provision of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). **See Commonwealth v. Lynch**, 820 A.2d 728, 730 n.2 (Pa. Super. 2003). The PCRA also allows relief for "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii). However, the

_____

[5] Jones has not filed a response.

- 4 -

plain language of that section requires the PCRA petitioner to allege innocence. *Lynch*, 820 A.2d at 732; *see also Commonwealth v. Barndt*, 74 A.3d 185, 191 n.9 (Pa. Super. 2013). Here, Appellant does not contest his guilt, but rather requests modification of his sentence to 10 – 20 years. *See* N.T. PCRA Hearing, 1/24/14, at 5-7. Therefore, we will review Appellant's claim as one of ineffective assistance of counsel.

Thus, for Jones to prevail, he must plead and prove by a preponderance of the evidence the three-part test for ineffective assistance of counsel. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014) (citing 42 Pa.C.S.A. § 9543(a)(2)(ii)). Jones must show that (1) the claims have arguable merit; (2) there was no reasonable basis for counsel's actions or inaction; and (3) counsel's deficient performance prejudiced him. *Id.* (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). "Because all three '*Pierce* factors' must be demonstrated, the claim fails if any one of them is not proved." *Id.*

Jones first claims that plea counsel induced him to plead guilty with the promise that his minimum sentence would be no more than ten years. We agree with PCRA counsel's assessment that this claim is meritless. The PCRA court found that Jones **admitted** plea counsel never promised him that his minimum sentence would be no more than ten years:

> With respect to his minimum sentence, [Appellant] admitted on the record during the PCRA hearing that [plea counsel] never promised him he would receive a ten to twenty year sentence. [Plea counsel] testified that he told [Appellant] he would argue for that sentence, but never gave [Appellant] any guarantees he

would receive it. Furthermore, the terms of [Appellant's] plea agreement were explained very clearly on the record at the time he entered his guilty plea. [Appellant] pled guilty to [t]hird[-d]egree [m]urder with an agreement on concurrency, and he received a sentence of twenty to forty years concurrent with his federal sentence in compliance with his plea agreement.

PCRA Court Opinion, 1/29/14, at 7. The record supports the PCRA court's findings, meaning they bind this Court. No factual basis supports Jones's first claim, meaning that it lacks arguable merit and therefore fails.

Appellant's claim regarding plea counsel's decision to forgo a PSI is also meritless. As the PCRA court found:

With respect to the P.S.I., [plea counsel] testified credibly that he reviewed the general contents of a P.S.I. with [Appellant]. He further testified that he felt there was no benefit to obtaining a P.S.I., as there was a possibility that [Appellant] had an additional criminal record of which neither [plea counsel] nor the Commonwealth was aware. [Plea counsel] was also uncertain as to whether [Appellant] was on probation at the time of the offense, so the preparation of a P.S.I. could in fact be damaging for sentencing purposes. Based on these factors, [plea counsel] advised [Appellant] to waive the preparation of a P.S.I. [Plea counsel] further confirmed that immediate sentencing was a component of [Appellant's] plea agreement, which is also reflected in the [n]otes of [t]estimony from that day

*Id.* at 8 (citing N.T. Guilty Plea Hearing, 12/6/11, at 22). Plea counsel had a reasonable basis—indeed, reasonable bases—for forgoing a PSI. If there is a reasonable basis for counsel's actions, an ineffectiveness claim fails.

In sum, Jones's PCRA petition is meritless, and Jones is not entitled to post-conviction relief. PCRA counsel has met the requirements under **Turner/Finley** to withdraw as PCRA counsel. Therefore, we affirm the denial of relief and grant the petition to withdraw.

Order affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2014