**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3766
_____

UNITED STATES OF AMERICA

v.

HASSAN WARD,
　　　　　　　　　　Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-16-cr-00160-001)
District Judge: Hon. John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2018
_____

Before: SHWARTZ, ROTH, and FISHER, <u>Circuit Judges</u>.

(Filed: November 2, 2018)


_____

OPINION[*]
_____


---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Hassan Ward appeals his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), of 180 months' imprisonment. Because the District Court's rulings concerning Ward's prior convictions were correct, we will affirm.

I

Ward was charged with and pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The ACCA prescribes a 180-month mandatory minimum sentence for "a person who violates section 922(g) . . . and has three previous convictions by any court . . . for . . . a serious drug offense." 18 U.S.C. § 924(e)(1). Because Ward had previous convictions for serious drug offenses, the presentence investigation report ("PSR") stated that the ACCA mandatory minimum sentence applied to him. Ward objected to the ACCA classification and to a four-level increase for possession of a firearm in connection with another felony offense.

The District Court overruled his objection regarding the ACCA, concluding that he had four prior convictions under Pennsylvania law, 35 Pa. Stat. § 780-113(a)(30), for delivery of crack cocaine. Specifically, he was convicted of selling crack cocaine on May 20, 2003, and April 27, April 29, and May 13, 2010. Although the 2010 drug sales were consolidated for plea and sentencing, the Court concluded that the 2010 sales "were distinct, separate offenses and each can be considered as a previous 'serious drug offense' under the ACCA," App. 12, 14. Having overruled Ward's ACCA objection, the Court found that his four-level-increase objection was moot and determined that his Guideline

2

range was 180 to 188 months' imprisonment.  The District Court sentenced him to 180

months.

Ward appeals.

## II[1]

## A

We exercise plenary review over Ward's challenge to the District Court's

application of the ACCA.  United States v. Henderson, 841 F.3d 623, 626 (3d Cir. 2016).

Ward's separate argument that his convictions under § 780-113(a)(30) cannot serve as

predicate serious drug offenses for purposes of the ACCA was not preserved at

sentencing, so we review it for plain error.  Fed. R. Crim. P. 52(b); United States v.

Foster, 891 F.3d 93, 113 n.15 (3d Cir. 2018).

## B

Ward first argues that he was improperly sentenced under the ACCA because the

record does not "conclusively" show that his prior offenses were committed on different

occasions.  Appellant's Br. at 9.  He also asserts that he was improperly sentenced under

the ACCA for his prior convictions under § 780-113(a)(30) for delivery, manufacture, or

possession with intent to deliver a controlled substance because the state statute is

broader than § 924(e)(2)(A)(ii)'s definition of a "serious drug offense."  Both arguments

fail.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

As noted above, the ACCA provides a mandatory minimum sentence of 180 months' imprisonment when a person violates § 922(g) and has at least three previous convictions for a serious drug offense "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Under the "'separate episodes' test," "individual convictions may be counted for purposes of [the ACCA] sentencing enhancement so long as the criminal episodes underlying the convictions were distinct in time." United States v. Schoolcraft, 879 F.2d 64, 73, 74 (3d Cir. 1989) (citation omitted); see also United States v. Cardenas, 217 F.3d 491, 492 (7th Cir. 2000) (counting two sales of crack, which occurred within just over 24 hours of each other, as separate offenses under the ACCA; stating that a court must "look to the nature of the crimes, the identities of the victims, and the locations," and "ask whether the defendant had sufficient time to cease and desist or withdraw from the criminal activity" (citation and internal quotation marks omitted)). As a result, multiple convictions can be consolidated and still be considered separate offenses for purposes of the ACCA.

Under this test, Ward's previous convictions are separate offenses. As reflected in the criminal information and PSR, Ward was charged with and convicted of selling cocaine base (crack) to a confidential informant on April 27, April 29, and May 13, 2010. Reliance on these two sources was proper. See United States v. Blair, 734 F.3d 218, 228-29 (3d Cir. 2013) (charging instrument); United States v. Hendrix, 509 F.3d 362, 376 (7th Cir. 2007) (PSR). Each of these sources contain "factual matter that was sufficient for the District Court to conclude that" these offenses "occurred on separate occasions,"

Blair, 734 F.3d at 228, and were "distinct in time," Schoolcraft, 879 F.2d at 73, as they reflect the transactions were separated by days or weeks. The separation in time provided Ward ample opportunity to "cease and desist or withdraw from the criminal activity." Cardenas, 217 F.3d at 492. Thus, the District Court properly counted each offense as a separate serious drug offense because each was "committed on occasions different from one another," 18 U.S.C. § 924(e)(1). The Court therefore did not err in sentencing Ward under the ACCA based on these previous state-law convictions for "serious drug offenses."

2

The District Court also did not err, plainly or otherwise, in holding that Ward's prior drug crimes constitute serious drug offenses. A "serious drug offense" under the ACCA means, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Ward was previously convicted under 35 Pa. Stat. § 780-113(a)(30), which prohibits, among other things, "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act" (except as authorized by the act), id., and the offense is punishable by up to 10 years' imprisonment, id. § 780-113(f)(1.1).

When deciding whether a previous conviction is a "serious drug offense" under the ACCA, we must compare the elements of the crime of conviction (and not the

particular facts underlying the conviction) with the elements of the generic version of the offense as set forth in the ACCA. Descamps v. United States, 570 U.S. 254, 261 (2013); United States v. Abbott, 748 F.3d 154, 157 (3d Cir. 2014). This comparison—the categorical approach—is "straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). When a prior conviction is for a violation of a "so-called 'divisible statute,'" which "sets out one or more elements of the offense in the alternative," we use the modified categorical approach. Descamps, 570 U.S. at 257. Under this approach, sentencing courts may consult a limited class of documents, known as Shepard documents, which include indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. Id. at 262; see also Mathis, 136 S. Ct. at 2249. We have held that, contrary to Ward's argument, because § 780-113(a)(30) prohibits the sale of many different drugs and because "the type of drug, insofar as it increases the possible range of penalties, is an element of the crime," § 780-113(a)(30) is divisible. Abbott, 748 F.3d at 159; see Henderson, 841 F.3d at 629-32 (stating that the drugs listed on Pennsylvania's controlled substances schedules, 35 Pa. Stat. §§ 780-113(f)(1), 780-104, are "distinct elements of the crime; not means of committing the crime," and holding that § 780-113(f)(1), which provides penalties for violations of § 780-113(a)(30), is divisible). Accordingly, we will apply the modified categorical approach to determine whether Ward's previous convictions qualify as ACCA predicate offenses. Henderson, 841 F.3d at 627-32; Abbott, 748 F.3d at 159.

Applying a modified categorical analysis, the <u>Shepard</u> documents show, and the parties agree, that Ward was convicted of four separate violations of § 780-113(a)(30) for the sale of cocaine base. Cocaine base is a controlled substance under federal law. 21 U.S.C. §§ 802(6), 802(17), 812 (Schedule II(a)(4)). Therefore, Ward was properly sentenced under the ACCA because he was convicted of at least three serious drug offenses—"offense[s] under [Pennsylvania] law, involving . . . distributing . . . a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii).

Ward's argument that § 780-113(a)(30) sweeps more broadly than federal law because it prohibits "delivery" of a controlled substance, whereas § 924(e)(2)(A)(ii) uses the term "distributing" is meritless. There is no meaningful difference between the terms. For purposes of the ACCA, the term "[to] distribute" is defined as "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11). Under § 780, "'[d]eliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance . . . ." 35 Pa. Stat. § 780-102(b). As these definitions suggest, "delivery" is simply "a method of distribution." <u>Rice v. United States</u>, Civ. A. No. 12-250, Crim. A. No. 09-218, 2012 WL 2574815, at *5 (W.D. Pa. July 2, 2012); <u>see also</u> <u>United States v. Glass</u>, 904 F.3d 319, 323 (3d Cir. 2018) (noting that both 35 Pa. Stat. § 780-102(b) and 21 U.S.C. § 802(8) define delivery to mean a transfer). Thus, the District Court did not err in counting Ward's convictions under § 780-113(a)(30) as serious drug offenses under the ACCA.

7

## III

For the foregoing reasons, we will affirm.